UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MILTON R. TAYLOR                    )
                                    )
            Movant,                 )
                                    )
    vs.                             )        No. 1:05CV48 HEA
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Milton R. Taylor's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, [# 1], filed on March 17, 2005. The government has responded to the motion and has moved to dismiss the motion. As grounds for his § 2255 motion, Movant alleges:

1.    "Prosecutorial Misconduct"

2.    "Ineffective Assistance of Counsel"

3.    "Defendant's guilty plea was not knowingly and intelligently made"

4.    "Ineffective Assistance of Counsel during Appeal process."

The Court concludes that all of Movant's claims are conclusively refuted by the record, and therefore, the Court will deny the motion without necessity of a hearing.

## Facts and Background

On January 15, 2004, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a one-count Indictment against Movant, Milton R. Taylor. Movant was

charged with possessing five firearms after having been previously convicted of two felony offenses, in violation of 18 U.S.C. § 922(g)(1).

On April 7, 2004, Movant appeared with his attorney, Lucille G. Liggett, and entered a plea of guilty to the Indictment. Movant had entered a Plea Agreement and Stipulation of Facts with the government at the time of his plea. This Agreement was filed with the Court.

Under the Plea Agreement, movant agreed to plead guilty to the charge of being a felon in possession of one of the firearms listed in the Indictment. The parties recommended that the base offense level was either a 33 under U.S.S.G. Section 4B1.4(b)(3)(B) or a 24 under U.S.S.G. Section 2K2.1(a)(2), depending on whether Movant was classified as an Armed Career Criminal. The parties recommended Movant should receive a three level decrease for acceptance of responsibility. The parties did not agree as to Movant's criminal history, which was left to the determination of the Court. Movant admitted in the Plea Agreement that he had two prior convictions for Burglary.

Further, Movant agreed that by entering a plea of guilty, he expressly waived his right to trial. He agreed that his attorney explained these rights to him and the consequences of his waiver of those rights.

Movant stated that he was fully satisfied with the representation received from his attorney, that he had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with his attorney and that his attorney had completely and satisfactorily explored all areas which Movant had requested relative to the government's case and any defenses.

Movant further waived his right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing. Movant admitted to being guilty of the crime charged, and he was not found to be an Armed Career Criminal at sentencing.

At the plea hearing, held on April 7, 2004, this Court addressed Movant concerning the specifics of his Plea Agreement, as well as the voluntariness of his plea. Movant admitted that he was 37 years old, that he had two years of college education, and that he spoke and understood English. The Court conducted a thorough colloquy regarding Movant's relationship with counsel, and Movant stated that he had enough time to discuss his case with his lawyer, that she answered all of his questions completely and to his satisfaction, that he was completely satisfied with counsel, and that he had no complaints against her in any way, shape or form. Movant also stated that he understood the possible ranges of punishment in his case and that the Plea Agreement was not binding on the Court. Movant told the Court that he was guilty of the charge of being a felon in possession of a firearm as charged in the Indictment.

A Presentence Investigation Report was prepared following the plea. The Probation Officer recommended that Movant's base offense level was 24, since each of Movant's prior burglary convictions was a crime of violence. After a reduction for acceptance of responsibility, Movant's total offense level was determined to be a 21. Movant's criminal history category was determined to be VI. The Presentence Investigation Report concluded

that the applicable sentencing range was subject to a term of imprisonment of 77 to 96 months.

At the sentencing hearing on July 21, 2004, Movant raised objections to the conclusion in the Presentence Report that his burglary convictions were crimes of violence, claiming that only a jury could make the finding that a burglary was a crime of violence. Movant also filed an objection to the Presentence Report, and both he and his attorney made oral arguments concerning this issue. The Government offered to set aside the Plea Agreement and let Movant stand trial, but Movant declined the offer. The Court then overruled Movant's objections and adopted the Presentence Report's findings and conclusions.

Movant requested that his Federal sentence be imposed concurrently to an existing state sentence from another conviction of 12 years. The Government objected to the request. The Court sentenced Movant to a term of imprisonment of 88 months, to be served consecutively to the state sentence. Movant then requested that he be returned to state custody as soon as possible, and the Government did not object. The Court ordered Movant's prompt return to state custody.

On July 26, 2004, Movant filed a Notice of Appeal. The Government filed a Motion to Dismiss Appeal, based on Movant's waiver of his right to appeal contained in his written Plea Agreement. The Eighth Circuit granted the Government's motion and dismissed Movant's appeal on September 23, 2004. Movant requested a rehearing on the ruling, but his request was denied.

On March 17, 2005, Movant filed a motion pursuant to 28 U.S.C. § 2255, requesting that his sentence be set aside, and that his charges be dismissed or to set his guilty plea aside and set his case for trial.  As grounds for his § 2255 motion, Movant alleges that (1) there was prosecutorial misconduct, (2) he received ineffective assistance of counsel, (3) his plea was not made knowingly and voluntarily, and (4) he received ineffective assistance of counsel on appeal.  Both of Movant's ineffective assistance of counsel claims are governed by the same legal standard and will be analyzed simultaneously.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Claims based on a federal statue or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255).  Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts

alleged, if true, would entitle [petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant mus also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

The standard has recently been defined by the Eighth Circuit Court of Appeals:

> An ineffective assistance claim generally requires two showings. "First the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This entails "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must show prejudice. *Id*. To show prejudice, he or she must prove that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id.*; *accord Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, L.Ed.2d 180 (1993)(admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is

different in the context of guilty pleas. Instead of just showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## Discussion

**Prosecutorial Misconduct**

Movant first claims the Government attorney, Keith Sorrell, conspired with the state prosecuting attorney to wrongfully convict Movant. Specifically, Movant states as follows:

> Prosecutor for the Government, Keith D. Sorrell, conspired with state prosecutor Kevin Barbour, to punish Defendant for a crime he did not commit. Prosecutor for the Government was fully aware that the information presented to the grand jury was falsified and manufactured solely for the purpose of obtaining an illegal and invalid indictment used to intimidate Defendant into a guilty plea. Prosecutor did not abide by the agreement to return Defendant to Southeast Correctional Cntr. after plea as agreed to by both parties.

Movant's claims, however, are unsupported by any facts. Movant fails to provide facts which show a conspiracy between the Government and the state prosecutor, or even explain why he believes such a conspiracy existed. He also does not state what evidence was presented to the grand jury that was either false or manufactured. Movant has not offered any facts to support these allegations, making a hearing unnecessary. Furthermore, Movant's complaint that the Government did not abide by the agreement to return him to Southeast Correctional Center is misdirected. As the Government stated in its response to Movant's § 2255 Motion, the United States Marshals Service was in charge of Movant's custody after

the guilty plea, not the Government. Thus, the Government did not possess the power to transfer Movant to any particular facility. Therefore, Movant's allegations with respect to prosecutorial misconduct are unsupported by any facts, and this claim will be dismissed.

**Ineffective Assistance of Counsel**

Movant next claims he was denied effective assistance of counsel. He states that his attorney's "performance was so deficient, it deprived Defendant of a fair trial and predjudiced [sic] Defendant's defense." Movant also claims his attorney lied to him regarding the amount of time he was facing and that she failed to research the law before the plea. Movant further states:

> Counsel rushed into plea without investigating. Counsel failed to accurately calculate Federal Sentencing Guidelines when advising Defendant as to plea offer. Counsel refused to assist Defendant with "Innocent possession of a firearm" after Defendant showed proof that this was the case and provided police reports as proof.

Movant also claims that his attorney failed to inform him of his rights regarding appeal and was deficient during the appeal process.

Movant's claims of ineffective assistance of counsel are without merit. First, Movant had three prior convictions, two of which were for burglary, a crime of violence. The third conviction was for stealing two motorcycles. Since motorcycles are motor vehicles, and motor vehicle theft is a crime of violence, *see United States v. Sun Bear,* 307 F.3d 747 (8th Cir. 2002), it was quite possible for Movant to have been classified as an Armed Career Criminal. Movant's counsel, however, pursuaded the Government that since the motorcycles were very small, the kind used as a novelty in parades, that this would be an inappropriate

application of *Sun Bear.* The Government then dropped its request to have Movant classified as an Armed Career Criminal. As a result, Movant was sentenced to 88 months on a federal charge instead of the 180 months predicted had he been deemed an Armed Career Criminal. Contrary to Movant's claims, Movant's counsel demonstrated herself to be exceptionally effective in limiting Movant's possible sentence.

Second, Movant claims his attorney failed to raise the defense of "innocent possession of a firearm." The record reflects, however, that Movant's attorney investigated whether such a defense would be permitted, and she determined that it would not.[1] Counsel was not required to make meaningless, futile, absurd arguments with regard to the "innocent possession of a firearm" defense, and Movant has failed to establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Furthermore, Movant has not set forth any facts in his Motion which would have entitled him to the defense of "innocent possession."

Third, as to counsel's alleged general deficiency, Movant stated at the plea hearing that he was satisfied with counsel and that he had sufficient time to discuss the plea with counsel. He testified under oath that he was satisfied with counsel's representation and that all of his questions had been answered. He also stated that there was nothing he wanted his lawyer to do that his lawyer had failed or refused to do. Additionally, Movant signed the

---

[1]The Eighth Circuit has not specifically recognized the defense of "innocent possession of a firearm" but it does provide for the defense of "justification." *See United States v. Ali,* 63 F.3d 710 (8th Cir. 1995).

plea agreement which stated these same things. Movant contended he had no complaints against counsel in any way, shape or form. Furthermore, the record is clear that counsel spent substantial time explaining the potential consequences of the Plea Agreement to petitioner. The record establishes that Movant's current claims of ineffective assistance of counsel prior to and during Movant's plea are without merit.

Finally, Movant alleges his attorney did not effectively assist in his appeal. This, too, is without merit. Movant filed his appeal and the Government filed a motion to dismiss, based on Movant's negotiated appellate waiver. Movant's counsel then drafted a reply to the Government's motion which noted that Movant's sentence was not illegal and that dismissing his appeal would not result in a miscarriage of justice. Movant's counsel was accurate in her statement, and Movant does not challenge the statement for its accuracy or truthfulness. Movant's sentence was not an illegal sentence, and that would be the only basis for an appeal after his waiver of that right. As such, Movant has failed to establish that counsel's performance fell "below an objective standard of reasonableness," *Id.* at 687-88, thus, he has failed to establish that counsel's performance satisfies the *Strickland* standard.

**Plea Knowingly and Voluntarily Made**

Movant states that his conviction was obtained by plea of guilty which was not made knowingly or voluntarily because he was not aware of the defense of "innocent possession of a firearm." The record reflects, however, that this defense was discussed *before* Movant's

plea.[2]  As stated, the defense of innocent possession would not have been permissible, and in any event, Movant has not provided any details or explained how his plea was not voluntarily made. Again, the record belies the allegation that the plea was not voluntary. When questioned by the Court, Movant, under oath stated that he understood the consequences of the plea; that he understood the charges; that he was guilty of the charges and that he was entering the guilty plea voluntarily and knowingly, and that no one was forcing him to plead guilty, and that no one had threatened him to plead guilty.  Movant's statements at the plea indicate that he entered into the plea voluntarily and knowingly, and he has provided no basis in his motion for concluding otherwise.  In any event, Movant waived his right to file this Motion and his waiver will be enforced.  As such, nothing in the record supports this final claim which would entitle Movant to relief under Section 2255.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability because Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 14th day of September, 2005.

_____

[2]Movant's counsel submitted an affidavit which discloses that the issue was discussed prior to Movant's plea.  Furthermore, it is clear that the innocent possessor defense was discussed prior to the plea, since counsel's alleged failure to explore the permissibility of such a defense and to "research the law before the plea" was the basis of his ineffective assistance of counsel claim.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE